NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0306n.06

No. 22-1109

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Jul 07, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| JERMAINE DESHAWN CLARK, | ) | |
| Defendant-Appellant. | ) ) ) | OPINION |

Before: CLAY, KETHLEDGE, and LARSEN, Circuit Judges.

KETHLEDGE, Circuit Judge. This case is before us for a second time. Jermaine Clark pled guilty to two counts of bank robbery and now appeals his 210-month sentence, arguing that the district court again committed procedural error when it applied two sentencing enhancements. We reject his arguments and affirm.

In June 2019, Jermaine Clark robbed a bank in Lansing, Michigan. Two weeks later he robbed another in Kalamazoo, Michigan. The local police received several tips identifying Clark as the bank robber, and a tip that he drove a white Dodge Charger. In late July 2019, the FBI obtained an arrest warrant for Clark for the two robberies. FBI agents then began to track the GPS in Clark's cell phone and in the Dodge Charger. By that point, Clark was in Ohio.

Clark robbed a bank in Mason, Ohio, on July 24. Witnesses saw him drive away in a white Dodge Charger. Mason police officers promptly entered this information, as well as photos of Clark, into a law-enforcement bulletin. FBI agents then told the Mason police that they were

investigating Clark for two bank robberies in Michigan and that Clark was driving a stolen white Dodge Charger, which by then was in Florence, Kentucky (about 37 miles from Mason, Ohio).

Florence police officers began searching for the white Dodge Charger used in the Ohio robbery. Soon thereafter, an officer saw Clark leaving a gas station in the Charger. The officer tried to conduct a traffic stop, but Clark accelerated onto the highway and led the officer on a high-speed chase, at times reaching 140 miles per hour. Clark eventually tried to exit the highway, but lost control and crashed into multiple cars. One of them was driven by Jennifer Yunginger, a 67-year-old nurse on her way home from work. She spent the next two weeks in the hospital, recovering from head injuries, ten broken bones, and a collapsed lung.

A grand jury thereafter indicted Clark on two counts of bank robbery—for the two Michigan robberies—in violation of 18 U.S.C. § 2113(a). Clark pled guilty to both counts in a written plea agreement. As part of that plea agreement, Clark admitted that he had also committed the Ohio bank robbery. He also agreed that the "Court should consider this additional robbery in fashioning the appropriate sentence under the federal sentencing guidelines, 18 U.S.C. § 3553, and all applicable statutes bearing upon restitution, as if he entered a guilty plea to this robbery." R.71.

Accordingly, the probation office treated the Ohio robbery as a separate count for purposes of calculating Clark's guidelines range. The probation office also recommended that the district court apply two enhancements to each robbery count. The first was a two-level enhancement for recklessly creating a substantial risk of death or serious bodily injury to another person, when Clark fled from a police officer. U.S.S.G. § 3C1.2. The second was a six-level enhancement because a victim suffered life-threatening bodily injuries, during Clark's attempt to avoid detection or responsibility for the three robberies. U.S.S.G. § 2B3.1(b)(3)(C).

Clark objected to both enhancements, arguing that their application to all three robberies was improper double (indeed triple) counting. Instead, he argued, the enhancements should apply only to the Ohio robbery. Clark further stated that he had "no objection" to the court applying the enhancements to the Ohio robbery, because his "flight was clearly in response to the Ohio bank robbery." The district court overruled his objections, applied the enhancements to each robbery, and imposed a sentence of 235 months.

On appeal, we held that application of the enhancements to each robbery was improper triple counting. Hence we vacated his sentence and remanded for resentencing. *See United States v. Clark*, 11 F.4th 491 (6th Cir. 2021).

On remand, the probation office recommended that the district court apply the two enhancements only to the Ohio robbery. Clark objected, arguing for the first time that his high-speed flight from the officers had lacked a sufficient "nexus" with the Ohio robbery. The district court overruled Clark's objection and applied the enhancements, finding that Clark had fled from officers because he was trying to avoid arrest for the Ohio robbery. The court calculated a guidelines range of 168 to 210 months and sentenced Clark to 210 months in prison. This appeal followed.

Clark now challenges the district court's application of the two-level enhancement under § 3C1.3 and the six-level enhancement under § 2B3.1(b)(3)(C). Specifically, Clark argues that the district court erred when it found that his high-speed flight occurred "in the course of attempting to avoid detection and responsibility" for the Ohio robbery. U.S.S.G. § 1B1.3(a)(1)(A); *see also United States v. Dial*, 524 F.3d 783, 787 (6th Cir. 2008). We review that finding for clear error. *United States v. Moon*, 513 F.3d 527, 539-40 (6th Cir. 2008).

Clark's argument is meritless. As noted above, in the last round of litigation, Clark freely conceded that his high-speed flight from the officers in Florence "was clearly in response to the Ohio bank robbery." And Clark has admitted that, in the hours after the robbery, he was listening to a police scanner and knew that the police were searching for the white Dodge Charger used in the Ohio robbery—the same car he was driving when he fled from officers. That admission was all the more reason for the court to conclude that his flight that day was an attempt to avoid arrest for that robbery. Moreover, Clark's flight took place only five hours after the robbery and 38 miles from the bank. *See Dial*, 524 F.3d at 787. The district court did not err when it found the necessary connection between the Ohio robbery and Clark's high-speed flight.

The district court's judgment is affirmed.